UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-00677-JVS-ADS | Date | July 17, 2025 |
| Title | Ayona v. Toyota Motor Sales, U.S.A., Inc. et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| | |
|---|---|
| Elsa Vargas | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] Order Regarding Motion to Remand [15]**

Before the Court is Plaintiff Cynthia Ayona's ("Ayona") motion to remand. (Mot., Dkt. No. 15.) Defendant Toyota Motor Sales, U.S.A., Inc. ("Toyota") opposed. (Opp'n, Dkt. No. 22.) Ayona responded. (Reply, Dkt. No. 24.)

For the following reasons, the Court **DENIES** the motion.

## I. Background

This matter stems from Ayona's lease and subsequent purchase of a 2019 Toyota Mirai ("Vehicle"). (Compl. ¶ 8.) Ayona alleges that the Vehicle contains defects which Toyota failed to disclose, repair, and otherwise remedy. (Compl. ¶¶ 16–22.) Ayona now brings causes of action under the Song-Beverly Consumer Warranty Act ("Song-Beverly Act") for breach of express warranty, breach of the implied warranty of merchantability, refusal to repair, the Consumer Legal Remedies Act, the Magnuson-Moss-Warranty Act ("MMWA"), Fraudulent Inducement, Fraudulent Concealment, Negligent Repair, Negligent Infliction of Emotional Distress, False Advertising, Negligence Per Se, the Business and Professions Code section 17200, and Negligent Misrepresentation. (Mot. at 2–3 (citing Compl. ¶¶ 30-159).)

On April 3, 2025, Toyota filed notice of removal from Orange County Superior Court. (Notice of Removal ("NOR"), Dkt. No. 1.) On June 4, 2025, Ayona filed the present motion to remand. (Mot.)

## II. Legal Standard

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:25-cv-00677-JVS-ADS | Date | July 17, 2025 |
|---|---|---|---|

| Title | Ayona v. Toyota Motor Sales, U.S.A., Inc. et al |
|---|---|

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). Doubts as to removability should be resolved in favor of remanding the case to the state court. Id. This strong "presumption against removal jurisdiction means that 'the defendant always has the burden of establishing that removal is proper.'" Id. (quoting Gaus, 980 F.2d at 566).

Generally, a defendant must remove an eligible civil action within thirty days of receiving service of the complaint. 28 U.S.C. § 1446(b)(1). If, however, "the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

"[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

### III. Discussion

    *A.    Timeliness of Removal*

First, the Court deals with Ayona's claim that Toyota's removal was procedurally defective. Each Defendant shall have 30 days after service on that Defendant of the initial pleading to file a notice of removal. 28 U.S.C. § 1446(b)(2)(B). Defendants filed notice of removal on April 3, 2025. (See NOR.) Ayona claims that Toyota's removal was procedurally defective because it "was not executed within the thirty-day window applicable to each defendant." (Mot. at 6–7.) Specifically, because each Defendant has thirty days "after . . . service on that defendant," see 28 U.S.C. § 1446(b)(2)(B), Ayona argues that the earlier-served Defendants (served March 4, 2025) filed an untimely notice of removal on April 3, 2025. (Id.) Toyota disputes this contention, correctly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:25-cv-00677-JVS-ADS  Date  July 17, 2025

Title  Ayona v. Toyota Motor Sales, U.S.A., Inc. et al

stating that the filing of removal on April 3, 2025 falls squarely on the thirtieth day of the removal window for even the earliest-served Defendants. (Opp'n at 7.)  When a time period is stated in days, the last day of the period is included.  Fed. R. Civ. P. 6(a)(1)(C).  Therefore, Toyota's removal was timely.

    B.    *Amount in Controversy*

Next, the Court address Ayona's claim that the amount in controversy under the MMWA is not met.  District courts shall have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The MMWA is a federal statute regarding consumer product warranties.  15 U.S.C. § 2301 *et seq*.  While this federal claim ordinarily would suffice for this Court to have jurisdiction, the MMWA specifies that no claim shall be cognizable in a suit brought under the Act "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit."  15 U.S.C. § 2310(d)(3)(B).

The Court looks solely to the pleadings to determine the amount in controversy for an MMWA claim, unless "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed."  Kelly v. Fleetwood Enters., Inc., 377 F.3d 1034, 1037 (9th Cir. 2004) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)).  "[A]ttorneys' fees are not 'costs' within the meaning of the MMWA and therefore may be included in the amount in controversy if they are available to prevailing plaintiffs pursuant to state fee-shifting statutes."  Shoner v. Carrier Corp., 30 F.4th 1144, 1148 (9th Cir. 2022).

The parties offer differing interpretations on how courts have applied civil penalties towards the amount in controversy.  In Fahed Ismat Zawaideh v. BMW of N. Am., LLC, a court granted a motion to remand, finding that the amount in controversy was not satisfied where the defendant failed to identify what allegations in the Complaint justified civil penalties nor submitted evidence regarding the size of civil penalties in similar cases.  No. 17-CV-2151 W (KSC), 2018 U.S. Dist. LEXIS 64723 at *7 (S.D. Cal. Apr. 17, 2018).  The court found that the defendant had made "no effort to explain why the amount in controversy should include a civil penalty" and failed "to identify which allegations in the Complaint would justify such an award."  Id.  By contrast, in Romo v. FFG Ins. Co., the court allowed civil damages authorized by the Song-Beverly Act to be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-00677-JVS-ADS | Date | July 17, 2025 |
| Title | Ayona v. Toyota Motor Sales, U.S.A., Inc. et al | | |

included in an amount in controversy calculation. 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005). The court in Romo allowed for the inclusion of such penalties "based on Plaintiff's allegations in the Complaint." Id. at 1241.

Here, Ayona claims that the MMWA's $50,000 amount-in-controversy requirement is not satisfied. (Mot. at 5.) Toyota disagrees. (Opp'n at 6.) Ayona calculates a restitution value of $21,252.37, which Toyota does not dispute. (Mot. at 5; opp'n at 6.) The parties disagree whether the remaining $28,747.63 can be met. The Court finds that it can.

Ayona brings claims not only under the MMWA, but under the Song-Beverly Act as well. (Compl. ¶¶ 30–67.) Because the Song-Beverly Act entitles Ayona to recover attorneys' fees, Cal. Civ. Code § 1794(d), those fees must be included here in the amount in controversy. Ayona asserts that Toyota has nevertheless failed to establish that the anticipated attorneys' fees will satisfy the amount-in-controversy requirement. (Id.) Not so. The Court is persuaded by Toyota's showing that Ayona's counsel has a $600 hourly billing rate, and thus is it reasonable to conclude that attorneys' fees could push the amount in controversy over $50,000. (See Decl. of Laura Goolsby, Dkt. No. 15-1, ¶ 10.)

Even omitting attorneys' fees, however, the amount in controversy will be satisfied because of the inclusion of civil penalties. Ayona relies primarily on Fahed, asserting that Toyota has similarly failed to adequately demonstrate that civil penalties are likely. (Reply at 3–4.) However, the Court finds the case at hand can be readily distinguished from Fahed. While the defendant in Fahed made no effort to explain why the amount in controversy should include a civil penalty, Toyota adequately does so. Toyota accurately cites to Ayona's Prayer for Relief, which seeks a civil penalty of two times the amount of actual damages. (Opp'n at 6 (citing Compl. ¶ 159).) Toyota also points to Romo's demonstration that civil penalties authorized by the Song-Beverly Act can readily be applied towards the MMWA amount in controversy where the plaintiff adequately requests them in the Complaint. (Id. at 5.) Again, here, Toyota shows where specifically in the Complaint Ayona requests civil penalties. (Id. at 6.) The Court finds Romo instructive and opts to apply the civil penalties under the Song-Beverly Act towards the MMWA amount in controversy.

Both parties agree on the restitution value of $21,252.37. (Mot. at 5; opp'n at 6.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-00677-JVS-ADS | Date | July 17, 2025 |
| Title | Ayona v. Toyota Motor Sales, U.S.A., Inc. et al | | |

Ayona also seeks a civil penalty in the amount of two times her actual damages. (Compl. ¶ 159.) This totals $63,757.11. That figure lands well above the $50,000 amount-in-controversy requirement before including any additional attorneys' fees. The Court is satisfied that this matter meets the amount-in-controversy requirement. Therefore, the Court has jurisdiction over this claim.

### C.    *Supplemental Jurisdiction*

As a final matter, Ayona argues that the Court should decline to exercise supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367(c). (Reply at 4.) In any civil action of which a federal court has original jurisdiction, the Court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Under Madrano v. City of Los Angeles, determining whether to exercise supplemental jurisdiction is a two-part analysis. 973 F.2d 1499, 1506 (9th Cir. 1992). First, the Court decides if the state law claims "derive from a common nucleus of operative fact." United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966). Second, the Court decides if exercising supplemental jurisdiction would be appropriate. Madrano, 973 F.2d at 1506. The Court may decline to exercise supplemental jurisdiction if:

> (1) the claim raises a novel or complex issue of state law;
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
> (3) the district court has dismissed all claims over which it has original jurisdiction; or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

The Court will exercise supplemental jurisdiction over Ayona's state law claims. Ayona relies on many identical facts in supporting her state law claims and her MMWA claim. (See Compl. ¶¶ 37–39, 88.) Furthermore, there are common issues between the federal claim and state law claims with respect to Toyota's conduct. The Court finds that none of the reasons to decline to exercise supplemental jurisdiction apply here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-00677-JVS-ADS | Date | July 17, 2025 |
| Title | Ayona v. Toyota Motor Sales, U.S.A., Inc. et al | | |

Furthermore, because the Court sees no reason to remand any of Ayona's claims, removal was not improper, and attorneys' fees are not granted.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion. The Court finds that oral argument would not be helpful in this matter. Fed. R. Civ. P. 78; L.R. 7-15. Accordingly, the Court **VACATES** the July 21, 2025 hearing.

**IT IS SO ORDERED.**